1

2

3

4

5

6

7

8

## UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  SUSIE FRANK, | Case No. 14cv745 BTM(NLS) |
| 12                              Plaintiff, | **ORDER GRANTING MOTION TO DISMISS** |
| 13       v. | |
| 14  CITIGROUP INC. and CALFED INC., | |
| 15                              Defendants. | |

16

17        Defendants have filed a motion to dismiss Plaintiff's Complaint.  For the

18  reasons discussed below, Defendants' motion is **GRANTED**.

19

20                              **I.  BACKGROUND**

21        On March 31, 2014, Plaintiff Susie Frank commenced this suit.  Plaintiff

22  alleges that she is entitled to benefits under a retirement benefit plan ("Plan").

23  Plaintiff asserts claims under Section 502(a)(1)(B) of ERISA to recover benefits

24  under the Plan, Section 502(a)(3) of ERISA to enjoin violations of ERISA and

25  obtain appropriate equitable relief, and Section 502(a)(1)(A) of ERISA to obtain

26  relief for Defendants' alleged failure and refusal to provide requested

27  information regarding the Plan.

28

## II.  <u>STANDARD</u>

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory.  <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1988).  When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff.  <u>See Parks Sch. of Bus., Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995).  Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544, 555 (2007).   "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Id.</u>  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief."  <u>Ashcroft v. Iqbal</u>, 565 U.S. 662, 679 (2009) (internal quotation marks omitted).  Only a complaint that states a plausible claim for relief will survive a motion to dismiss.  <u>Id.</u>

## III.  <u>DISCUSSION</u>

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim.  The Court agrees with Defendants that Plaintiff has not pled sufficient facts to support her ERISA claims.

Plaintiff's Complaint is completely lacking in factual support.  The Complaint does not specifically identify the Plan in question, does not state who Plaintiff's employer was, does not identify provisions of the plan which entitle her to benefits, and fails to set forth facts regarding the numerous alleged ERISA violations and alleged failure to provide requested information.

Plaintiff's opposition offers some factual details regarding Plaintiff's claims, however, the Court cannot consider these facts, which were not pled in the Complaint.

Therefore, the Court finds that Plaintiff's Complaint fails to state a claim and grants Defendants' motion to dismiss.  The Court grants Plaintiff leave to file an amended complaint remedying the deficiencies discussed above.  The Court does not reach Defendants' arguments – e.g., statute of limitations and exhaustion of administrative remedies – regarding the new facts provided in Plaintiff's opposition.  Defendants may raise these arguments in a motion to dismiss the amended complaint if the arguments are still relevant.

## IV.  <u>CONCLUSION</u>

For the reasons discussed above, Defendants' motion to dismiss is **GRANTED**.  Plaintiff's Complaint is **DISMISSED** for failure to state a claim. The Court grants Plaintiff leave to file a First Amended Complaint within 20 days of the filing of this Order.

**IT IS SO ORDERED.**

DATED:  January 2, 2015

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court